IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERTO PEREZ, JR., #1189927 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv13 |
| JEFFERY W. CATEO, ET AL. | § | |

ORDER OF DISMISSAL

Plaintiff Roberto Perez, Jr., an inmate previously confined at the Coffield Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #25) concluding that the lawsuit should be dismissed for purposes of *in forma pauperis* proceedings pursuant to the "three strikes" provisions of 28 U.S.C. § 1915(g). Mr. Perez has filed objections (Dkt. #29).

Mr. Perez's original complaint consists of vague allegations of inhumane living conditions and cruel and unusual punishment. In an amended complaint, he argued that his First Amendment right to complain to higher ranking officials was violated, he had been denied his right to freedom of association, he had been subjected to cruel and unusual punishment, and the safe prison policy was unconstitutional.

Mr. Perez has a history of filing frivolous lawsuits and appeals. His first lawsuit dismissed as frivolous was *Perez v. Williams*, No. 7:08-CV-030-O (N.D. Tex. May 17, 2010). He appealed

1

the decision, and the Fifth Circuit dismissed his appeal as frivolous. *Perez v. Williams*, No. 10-10629 (5th Cir. March 11, 2011). The Fifth Circuit's decision included a warning concerning possible sanctions for filing frivolous lawsuits. It should be noted that Mr. Perez similarly alleged in that case that he was the victim of retaliation for filing grievances. Mr. Perez accumulated a third strike in *Perez v. Livingston*, No. H-16-0306 (S.D. Tex. Aug. 8, 2016). The Southern District of Texas advised him that the partial dismissal of the lawsuit for failure to state a claim counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Patton v. Jefferson Correctional Center*, 136 F.3d 458, 462-63 (5th Cir. 1998).

An inmate may not file any lawsuits or appeals *in forma pauperis* if he has three or more lawsuits or appeals previously dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Perez had accumulated three strikes by the time he filed the present lawsuit. In an effort to satisfy the exception to § 1915(g), he alleged in his objections that his life was in danger at the Coffield Unit. Among other things, urine, feces and unknown substances had been thrown at him. However, the records in this case reveal he has been transferred to the Ellis I Unit. The issue of whether he was under imminent danger of serious physical injury at the Coffield Unit became moot upon his transfer to another unit. *See Lowe v. Stotts*, No. 6:13cv251, 2013 WL 5979672 (E.D. Tex. Nov. 7, 2013), *appeal dismissed*, No.13-41283 (5th Cir. Jan. 8, 2014). His remaining objections concerning exhaustion of administrative remedies and his underlying claims are moot since he cannot satisfy the exception to § 1915(g). The lawsuit is barred for purposes of *in forma pauperis* proceedings pursuant to § 1915(g).

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Perez to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Perez's objections are without merit. It is therefore

**ORDERED** that the complaint is **DISMISSED** with prejudice for purposes of *in forma pauperis* proceedings pursuant to 28 U.S.C. § 1915(g). It is further

**ORDERED** that Mr. Perez's *in forma pauperis* status is revoked. Mr. Perez may resume the lawsuit if he pays the entire filing fee of $400 within thirty days after the entry of the Final Judgment. *See Carson v. Johnson*, 112 F.3d 818, 823 (5th Cir. 1997). It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **14** day of **June, 2017.**

_____
Ron Clark, United States District Judge